```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DENNIS R. BERNZOTT,

                    Plaintiff,
                                        MEMORANDUM AND ORDER
         -against-                      17-CV-1752(JS)(AKT)

JOHN DOE, POLICE OFFICER, 3RD PCT.;
STEVE SOE, POLICE OFFICER, 3RD PCT.;
ROB ROE, POLICE OFFICER, 3RD PCT.;
BART BOE, POLICE OFFICER; TIMOTHY
SINI, COMMISSIONER, S.C.P.D.; and
COUNTY OF SUFFOLK,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Dennis R. Bernzott, pro se
                    206336
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On March 24, 2017, incarcerated pro se plaintiff Dennis R. Bernzott ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against four unidentified police officers alleged to work at the Suffolk County Police Department's Third Precinct (the "Unidentified Police Officers"), Suffolk County Police Commissioner Timothy Sini ("Commissioner Sini"), and the County of Suffolk ("Suffolk County"), together with an application to proceed in forma pauperis. (Docket Entry 2.)

Upon review of the declaration in support of the

application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, Plaintiff's claims against Commissioner Sini and Suffolk County are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(i). Plaintiff's remaining claims shall proceed and the Court ORDERS service of the Summonses and Complaint upon the Unidentified Police Officers by the United States Marshal Service ("USMS").

## THE COMPLAINT[1]

Plaintiff's Complaint is submitted on the Court's Section 1983 Complaint form and is brief. In its entirety, the Statement of Claim alleges that, on January 5, 2017:

> Plaintiff was driving W/B on Bay Shore Road in Bay Shore, N.Y. when a blue and white patrol unit got behind Plaintiff and activated his lights to pull plaintiff over. Plaintiff sought to evade. Following a vehicle chase of approx. 5 minutes, Plaintiff crashed into a patch of bushes--other officers arrived at the

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the Complaint as reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

> scene of crash. Plaintiff then exited his vehicle and immediately surrendered by turning to face the police with hands up. Plaintiff in no way shape, or form presented himself as threatening at this juncture. Plaintiff was ordered to "get down," and as he proceeded to comply with said order, one of the officers tackled Plaintiff whereupon the remaining officers joined in to secure Plaintiff in handcuffs.
>
> After Plaintiff was secured in handcuffs, and thus immobilized, at least two of the officers began kicking plaintiff about the face and head at least 5 times each--one in a stomping down motion while the other in a lifting Plaintiff's head up. During this time, one other officer was stomping on Plaintiff's ankles while yet another officer was holding Plaintiff by his handcuffed wrists which were applied excessively tight. This resulted in a wee (6-days) hospitalization with extensive plastic surgery to fix Plaintiff's broken and crushed face.

(Compl. ¶¶ II.) In the space on the form complaint that calls for a description of any injuries suffered and what medical treatment, if any was required and/or provided, Plaintiff alleges, <u>inter</u> <u>alia</u>, that he "sustained a crushed nose with multiple breaks; broken left eye socket with so many breaks requiring it to be replaced with titanium and screws, permanent scarring, permanent nerve damage, . . . and emotional distress." (Compl. ¶ II.A.) For relief, Plaintiff seeks an unspecified sum of compensatory and punitive damages. (Compl. ¶ III.)

DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declarations in support of his application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u> § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

> Section 1983 provides that
>
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501–02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution

5

of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

    A.    <u>Claims Against Commissioner Sini</u>

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676, 129 S. Ct. at 1948. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, Plaintiff's brief Complaint does not include any factual allegations sufficient to demonstrate personal involvement

by Commissioner Sini regarding the events alleged in the Complaint. In fact, apart from the caption, Commissioner Sini is not again mentioned in the body of the Complaint. (See generally, Compl.) Thus, it appears that Plaintiff seeks to impose liability against Commissioner Sini solely based on the supervisory position he holds. Wholly absent, however, are any allegations sufficient to establish any personal involvement by this Defendant in the unlawful conduct of which Plaintiff complains. A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). Accordingly, Plaintiff's claims against Commissioner Sini are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

    B.    Claims Against Suffolk County

It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servcs. of N.Y. City, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of

7

Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690–91, 98 S. Ct. at 2036. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690–91, 98 S. Ct. at 2036.

A plaintiff can ultimately establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court

8

could reasonably construe a plausible Section 1983 cause of action against Suffolk County. Accordingly, Plaintiff's Complaint does not allege a plausible Section 1983 claim against Suffolk County and is thus DISMISSED WITHOUT PREJUDICE as against Suffolk County pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b).

    C.   <u>Claims Against the Unidentified Police Officers</u>

Plaintiff's claims against the Unidentified Police Officers shall proceed. However, the USMS will not be able to effect service of the Summonses and the Complaint on the Unidentified Police Officers without more information. The Second Circuit has held that district courts must provide <u>pro se</u> litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. <u>See</u> <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75-76 (2d Cir. 1997). Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the Unidentified Police Officers who are described in the Complaint and who are alleged to have interacted with Plaintiff on January 5, 2017. The Suffolk County Attorney's Office shall provide the Court and Plaintiff the names and addresses where these individuals can be served within thirty (30) days of the date that this Order is served upon them. Once the information is provided to the Court by

the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them.  The Suffolk County Attorney need not undertake to defend or indemnify any of these individuals at this juncture.  This Order merely provides a means by which Plaintiff may properly name and serve the unnamed Defendants as instructed by the Second Circuit in <u>Valentin</u>.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED, however the Complaint is <u>sua</u> <u>sponte</u> DISMISSED WITHOUT PREJUDICE as against Commissioner Sini and Suffolk County for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  Plaintiff's claims against the Unidentified Police Officers shall proceed and the Court ORDERS service of the Summonses and Complaint upon these Defendants by the USMS.  The Clerk of the Court is further ORDERED to serve a copy of the Complaint together with this Order on the Suffolk County Attorney and they are requested to attempt to ascertain the full name of the Unidentified Police Officers who are described in the Complaint and to provide the names and addresses where these Defendants can be served to the Court and Plaintiff within thirty (30) days of the date that this Order is served upon

it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: August __11__, 2017
      Central Islip, New York